# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASON COLLURA** | Civil Action No. 13-4066 |
| **Plaintiff,** | |
| v. | |
| **CITY OF PHILADELPHIA ET AL.** | |
| **Defendants.** | |

## ORDER

**AND NOW**, this _____ day of _____, 2013, upon consideration of Defendant City of Philadelphia's Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Defendant City of Philadelphia's Motion to Dismiss is **GRANTED**.

It is further **ORDERED** that all claims asserted against Defendant City of Philadelphia are dismissed with prejudice.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COLLURA | Civil Action No. 13-4066 |
| Plaintiff, | |
| v. | |
| CITY OF PHILADELPHIA ET AL. | |
| Defendants. | |

**DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) AND RULE 12(H)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1.    Defendant City of Philadelphia hereby incorporates by reference the attached memorandum of law and exhibits as though fully set forth at length pursuant to Local Rule of Court 7.1(c).

WHEREFORE, based on the reasons set forth in the attached memorandum of law, Defendant City of Philadelphia respectfully requests this Court to grant the instant motion and dismiss all claims against the City of Philadelphia with prejudice.

Case 2:13-cv-04066-PBT   Document 3   Filed 08/12/13   Page 3 of 13

2

Dated:    August 12, 2013          ARCHER & GREINER

By: */s/ Jeffrey M. Scott*
    Jeffrey M. Scott
    jscott@archerlaw.com

One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, Pennsylvania  19103-7393
Telephone:  (215) 963-3300
Facsimile:   (215) 963-9999

*Attorneys for Defendant*
*City of Philadelphia*


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COLLURA | Civil Action No. 13-4066 |
| **Plaintiff,** | |
| v. | |
| CITY OF PHILADELPHIA ET AL. | |
| **Defendants.** | |

**DEFENDANT CITY OF PHILADELPHIA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) AND RULE 12(H)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## I.   INTRODUCTION

The plaintiff's complaint sets forth a series of grievances against the Honorable Pamela P. Dembe, President Judge of the Court of Common Pleas of Philadelphia, MaryAnn Swift, his court appointed attorney and the following employees of the First Judicial District of Pennsylvania: (1) Nicolas Ford, (2) Mary Politano, (3) Steffan Boyd, (4) Steven Austin; (5) Deputy Chief Charles Hoyt; and (6) Chief Robert Malvesuto.  The Plaintiff has also sued the City of Philadelphia for failing to train and supervise the employees of the First Judicial District.

While difficult to discern, the plaintiff's civil action seeks to overturn his conviction and sentence from November 8, 2005.  (See Printout from Unified Judicial System of Pennsylvania Web Portal, attached hereto as Exhibit B.)

According to the criminal docket, plaintiff appealed his conviction. The appeal was denied by the Pennsylvania Supreme Court on September 7, 2010. (Exhibit B at 15.) After the appeal was denied by the Pennsylvania Supreme Court, plaintiff filed numerous motions, which are still pending. According to the docket, the next criminal hearing is scheduled for September 6, 2013. (Exhibit B at 16-18.)

The plaintiff's complaint should be dismissed for the following reasons: (1) plaintiff is barred from re-litigating his criminal case pursuant to Heck v. Humphrey, 512 U.S. 477 (1994); (2) the Court lacks subject matter jurisdiction over plainitff's claims under the Rooker-Feldman doctrine; (3) this Court should abstain from hearing this matter under Younger abstention;  (4) the City of Philadelphia is not liable for the alleged unlawful acts of the employees of the First Judicial District of Pennsylvania; and  (5) plaintiff cannot recover money damages against the City of Philadelphia under the Pennsylvania Constitution.

## II.    PROCEDURAL HISTORY

The Plaintiff filed this civil action on July 11, 2013. The City of Philadelphia was served with plaintiff's complaint on July 22, 2013.  The plaintiff caused to be filed an affidavit of service, indicating service was made upon the following individuals:  (1) Nicolas Ford, (2) Mary Politano, (3) Steffan Boyd, (4) Steven Austin; (5) Deputy Chief Charles Hoyt; (6) Chief Robert Malvesuto; and

(7) The Honorable Pamela P. Dembe.[1]  There is no dispute that all of these individuals are employees of the First Judicial District.

## III. JURISDICTION

The plaintiff alleges that the individual defendants and the City of Philadelphia violated his federal constitutional rights.  (Complaint at ¶ 30; ¶ 43.)  This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.   The plaintiff also alleges violations of the Pennsylvania Constitution.  (Complaint at ¶ 46.)   This Court has supplement jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

## IV. ARGUMENT

### A. All Claims Asserted Against The City of Philadelphia Must Be Dismissed Under Rule 12(B)(6) For Failure To State A Claim Upon Which Relief Can Be Granted

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a motion to dismiss, the Court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff.  Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  However, the Court need not credit bald assertions or

---

[1] The City of Philadelphia disputes that proper service was made on any of the individual defendants.  The City also disputes the accuracy of the proof of service.  Because the City of Philadelphia does not employ any of the named individual defendants, the City will not be making any arguments on their behalf.

3

legal conclusions alleged in the complaint.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A well-pleaded complaint must contain more than mere labels and conclusions.  See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555.   Based on the following reasons, the plaintiff has failed to state a cause of action against the City of Philadelphia.

    The plaintiff's complaint alleges that the individual defendants, all employees of the First Judicial District, violated his due process rights.  The plaintiff then alleges that the City of Philadelphia is liable for the alleged unlawful acts of the individual defendants.  The plaintiff's theory is flawed because the City of Philadelphia is not the First Judicial District and there is no respondeat superior under Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694-95 (1978).

    The Pennsylvania Constitution provides for the vesting of the Commonwealth's judicial power in a "unified judicial system" which includes all of the courts in Pennsylvania. Pa. Const. art. V, § 1.   All courts and agencies of the unified judicial system are part of "Commonwealth government" and thus are state rather than local agencies.  See Pa. Const. art. V, § 6(c); 42 Pa. Cons. Stat. Ann. §

4

102 (West Supp.1999); 42 Pa. C.S.A. § 301 (West 1981).  <u>Callahan v. City of Philadelphia</u>, 207 F. 3d 668, 672 (3rd Cir. 2000).

The City of Philadelphia as a local municipality cannot be liable for the alleged unlawful acts of court and probation employees. Thus, all claims asserted against the City of Philadelphia must be dismissed with prejudice.

### B.   <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) Bars Plaintiff From Re-Litigating His State Court Conviction And Sentence

The original complaint identifies plaintff as a convicted person who was; or is still subject to probation.    (Exhibit A at ¶¶ 12-40.)   A probationer cannot collaterally attack the fact or duration of his sentence through a civil rights action brought pursuant to 42 U.S.C. § 1983.  In <u>Williams v. Consovoy</u>, the Third Circuit held:

> It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In [<u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)], the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering <u>Heck</u> and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that,
>
>> "a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success

5

> in that action would necessarily demonstrate the invalidity of the confinement or its duration."
>
> Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) (emphasis in original).

Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).  Even if habeas relief is no longer available, a § 1983 remedy is not available under Heck.  Williams v. Consovoy, supra, at 177, citing Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005). Plaintiff's attempt to challenge his conviction under § 1983 is not permitted  and therefore his complaint should be dismissed as a matter of law.

### B. The Court  Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Under The Rooker-Feldman Doctrine

The Rooker-Feldman doctrine prohibits federal courts from exercising "subject matter jurisdiction to review final adjudication's of a state's highest court or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (quoting Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992) (alteration in original); District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 483 n.16, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983)).  The issues raised in plaintiff's complaint are inextricably intertwined with the state court's decisions.  Therefore, this Court should dismiss this matter under Federal

Rule of Civil Procedure 12(h)(3).

> **C.    Assuming Arguendo That This Case Is Not Barred By <u>Heck</u> Or The <u>Rooker-Feldman</u> Doctrine, This Court Should Abstain From Hearing This Matter Because Plaintiff's State Criminal Case Is Still Pending**

"A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding."  <u>Kendall v. Russell</u>, 572 F.3d 126 (3rd Cir. 2009)(quoting <u>Addiction Specialists, Inc. v. Twp. of Hampton</u>, 411 F.3d 399, 408 (3d Cir.2005) (citing <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971))).

The <u>Younger</u> doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. <u>Matusow v. Trans-County Title Agency</u>, LLC, 545 F.3d 241, 248 (3d Cir. 2008). Based on the allegations set forth in plaintiff's complaint, and the active criminal docket, there is no dispute that (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Since all three elements of the <u>Younger</u> doctrine are met, this Court should decline

to exercise jurisdiction over this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

### D. There Is No Right To Monetary Damages For An Alleged Violation Of The Pennsylvania Constitution.

In <u>Jones v. City of Philadelphia</u>, 890 A.2d 1188 (Pa. Commw. Ct. 2006), <u>appeal</u> <u>denied</u> 909 A.2d 1292 (Pa. 2006), the Commonwealth Court held that there is no cause of action against the City of Philadelphia under the Pennsylvania Constitution. Accordingly, all claims brought against the City of Philadelphia for alleged violations of the Pennsylvania Constitution should be dismissed with prejudice.

## V. CONCLUSION

Based on the reasons set forth in this memorandum of law, the City of Philadelphia respectfully requests this Court to grant the instant motion and dismiss all claims against the City of Philadelphia.

Dated: August 12, 2013 ARCHER & GREINER

By: /s/ Jeffrey M. Scott
  Jeffrey M. Scott
  jscott@archerlaw.com

One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, Pennsylvania  19103-7393
Telephone:   (215) 963-3300
Facsimile:    (215) 963-9999

*Attorneys for Defendant*
*City of Philadelphia*

## Certificate of Service

I hereby certify that a true and correct copy of Defendant City of Philadelphia's Motion to Dismiss was electronically filed on the below date.  A copy of the Motion was served on the below individual by first class mail, postage prepaid at the below address:

Jason Collura
P.O. Box 934
Philadelphia, PA 19105

| | |
|---|---|
| Dated: August 12, 2013 | ARCHER & GREINER |
| | By: /s/ Jeffrey M. Scott |
| |     Jeffrey M. Scott |
| |     jscott@archerlaw.com |
| | One Liberty Place |
| | Thirty-Second Floor |
| | 1650 Market Street |
| | Philadelphia, Pennsylvania  19103-7393 |
| | Telephone:  (215) 963-3300 |
| | Facsimile:   (215) 963-9999 |
| | *Attorney for Defendant* |
| | *City of Philadelphia* |