IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON COLLURA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS JAMES FORD et al., | : | No. 13-4066 |
| Defendants. | : | |

# **O R D E R**

**AND NOW**, this 17th day of December, 2013, upon consideration of Mr. Collura's Motion for Rule 54(b) Certification (Docket No. 14) and the Court's dismissal with prejudice of all claims against the City of Philadelphia (Docket Nos. 6 & 8), it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED in part and DENIED in part such that:**

1. **FINAL JUDGMENT is hereby entered in favor of the City of Philadelphia** pursuant to Federal Rule of Civil Procedure 54(b);[1] and

---

[1] The Rule provides:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, *the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). The Supreme Court has outlined the steps to be followed in making determinations under Rule 54(b). A district court must first determine that it is dealing with a final judgment. It must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.

2. any request for certification of an interlocutory appeal is DENIED.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

> Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a dispatcher. It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration.
>
> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. It [is] therefore proper for [a district court] to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980) (citations and internal quotation marks omitted).

The Court is dealing with a final judgment, as it has already dismissed all claims against the City of Philadelphia (*see* Docket Nos. 6 & 8). The Court finds no just reason for delay. Although the Court recognizes the undesirability of piecemeal appeals, Mr. Collura's claim against the City of Philadelphia is clearly separable from his claims against the remaining Defendants. The Third Circuit Court of Appeals will not have to decide the same issue more than once; the only issue with regard to the Court's dismissal of the City of Philadelphia is whether the City of Philadelphia is liable for the actions of the First Judicial District of Pennsylvania or its employees. The Third Circuit Court of Appeals has firmly established that the City cannot be so liable, as explained in this Court's earlier Orders (*see* Docket Nos. 6 & 8), and none of the other Defendants can be expected to raise this particular "it wasn't us and is not attributable to us" defense. Further, delaying now will only tax the City unnecessarily, as this suit, as against it, is frivolous. *See also Carter v. City of Philadelphia*, 181 F.3d 339, 346-47 (3d Cir. 1999).