IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COLLURA,<br><br>                Plaintiff,<br><br>v.<br><br>NICHOLAS JAMES FORD, *et al.*,<br><br>                **Defendants.** | Civil Action No. 13-4066 |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of Defendants Nicholas James Ford, Mary Politano, Steffen Boyd, Steven Austin, Deputy Chief Charles Hoyt and Chief Robert J. Malvesuto's Petition for Leave to File Answer to Plaintiff's Complaint *Nunc Pro Tunc*, and any response thereto, it is hereby **ORDERED** that said Petition is **GRANTED**, and Defendants Nicholas James Ford, Mary Politano, Steffen Boyd, Steven Austin, Deputy Chief Charles Hoyt and Chief Robert J. Malvesuto's Answer to Plaintiff's Complaint shall be deemed filed *nunc pro tunc*.

BY THE COURT:

_____
                                            J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COLLURA,<br><br>                Plaintiff,<br><br>v.<br><br>NICHOLAS JAMES FORD, *et al.*,<br><br>                Defendants. | Civil Action No. 13-4066 |

### DEFENDANTS NICHOLAS JAMES FORD, MARY POLITANO, STEFFEN BOYD, STEVEN AUSTIN, DEPUTY CHIEF CHARLES HOYT AND CHIEF ROBERT J. MALVESUTO'S PETITION FOR LEAVE TO FILE ANSWER TO PLAINTIFF'S COMPLAINT *NUNC PRO TUNC*

1. For reasons set forth in Defendants Nicholas James Ford, Mary Politano, Steffen Boyd, Steven Austin, Deputy Chief Charles Hoyt and Chief Robert J. Malvesuto's (collectively, the "Answering Defendants") Motion to Set Aside Application for Entry of Default, dated December 23, 2013 (Doc. No. 18), which the Answering Defendants incorporate by reference, the Answering Defendants petition for leave to file their Answer to Plaintiff's Complaint *nunc pro tunc*. A copy of the Answering Defendants' proposed Answer is attached hereto as Exhibit "A".

WHEREFORE, based on the reasons set forth in their Motion to Set Aside Application for Entry of Default, dated December 23, 2013, Defendants Nicholas James Ford, Mary Politano, Steffen Boyd, Steven Austin, Deputy Chief Charles Hoyt and Chief Robert J. Malvesuto respectfully request this Court to grant the instant petition and order that the attached Answer be deemed filed *nunc pro tunc*.

/s/ Oleg V. Nudelman
Oleg V. Nudelman, Esquire
Jeffrey M. Scott, Esquire
Archer & Greiner, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 963-3300
Email:   onudelman@archerlaw.com

**Attorneys for Defendants Nicholas James Ford, Mary Politano, Steffen Boyd, Steven Austin, Deputy Chief Charles Hoyt, and Chief Robert J. Malvesuto**

Dated:  January 14, 2014

# EXHIBIT A

ARCHER & GREINER
A Professional Corporation
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, Pennsylvania 19103-7393
(215) 963-3300
Attorneys for Defendants Nicholas James Ford, Mary
Politano, Steffen Boyd, Steven Austin, Deputy Chief
Charles Hoyt, and Chief Robert J. Malvesuto
BY: JEFFREY M. SCOTT, ESQUIRE
    OLEG V. NUDELMAN, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASON COLLURA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NICHOLAS JAMES FORD, *et al.*,<br><br>　　　　　　Defendants. | Civil Action: 13-4066 |

**DEFENDANTS NICOLAS FORD, MARY POLITANO, STEFFAN BOYD, STEVEN AUSTIN, DEPUTY CHIEF CHARLES HOYT AND CHIEF ROBERT J. MALVESUTO'S <u>ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendants Nicholas James Ford, Mary Politano, Steffen Boyd, Steven Austin, Deputy Chief Charles Hoyt, and Chief Robert J. Malvesuto (collectively, the "Answering Defendants"), by and through their undersigned counsel, Archer & Greiner, P.C., answer Plaintiff Jason Collura's ("Collura" or "Plaintiff") Complaint as follows:

<u>**JURISDICTION AND VENUE**</u>

1. Denied. The averments in this paragraph constitute conclusions of law and argument to which no response is required.

2. Denied. This paragraph contains conclusions of law to which no response is required.

3. Denied. This paragraph contains conclusions of law to which no response is required.

## PARTIES

3. Admitted in part and denied in part.[1] It is admitted that Jason Collura is the plaintiff in this matter. It is denied that plaintiff is a "victim" in any manner.

4. Admitted in part and denied in part. It is admitted only that this paragraph lists the parties named as defendants in this matter. The Answering Defendants deny Plaintiff's characterization of them as "offenders" in this paragraph and throughout the Complaint.

5. Denied. This paragraph contains conclusions of law to which no response is required.

## STATEMENT OF CLAIM

6. Denied. This paragraph is directed to a party other than the Answering Defendants.

7. Denied. This paragraph is directed to a party other than the Answering Defendants.

8. Denied. This paragraph is directed to a party other than the Answering Defendants.

9. Denied. This paragraph is directed to a party other than the Answering Defendants.

10. Denied. This paragraph is directed to a party other than the Answering Defendants.

11. Denied. This paragraph is directed to a party other than the Answering Defendants.

12. Denied. This paragraph is directed to a party other than the Answering Defendants. To the extent the averments of this paragraph are directed to the Answering Defendants, they are denied, as Answering Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the averments contained in this paragraph.

13. Admitted in part and denied in part. It is admitted only that, on or about April 12, 2012, Plaintiff attended a scheduled probation meeting with Answering Defendant Nicholas James Ford, Plaintiff's probation officer in the Mental Health Unit of the Adult Probation/Parole

---

[1] The Complaint contains two separate paragraphs numbered "3".

Department of the First Judicial District of Pennsylvania, Court of Common Pleas. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading. By way of further response, Plaintiff was lawfully and properly given a drug screening for controlled substances and asked to return to meet with Mr. Ford in one week's time.

14. Denied. The averments contained in this paragraph are denied as untrue, inaccurate and misleading. By way of further response, on or about April 12, 2012 Plaintiff was lawfully and properly directed to have a mental health evaluation, and was directed by Answering Defendant Steffen Boyd to return in one month's time.

15. Admitted in part and denied in part. It is admitted only that, on or about April 12, 2012, Plaintiff left several voicemail messages for Mr. Boyd purporting to complain about Plaintiff's earlier meeting with Mr. Ford. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

16. Admitted in part and denied in part. It is admitted only that Plaintiff's April 2012 drug screening was negative for controlled substances. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

17. Admitted in part and denied in part. It is admitted that Plaintiff left voicemail messages for Answering Defendant Steven Austin, Director of Specialized Supervision, on or about June 1, 2012 and June 11, 2012. It is also admitted that, in both voicemail messages, Plaintiff only stated that he had certain unspecified issues that required resolution. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

18. Admitted in part and denied in part. It is admitted that Plaintiff attended a scheduled probation meeting on or about June 7, 2012. It is also admitted that a mental health evaluation appointment had been scheduled for Plaintiff for June 13, 2012 at 12:00 PM, and that Plaintiff

3

was informed that the appointment could be rescheduled once. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading. By way of further response, Plaintiff was lawfully and properly notified of the scheduling of his mental health evaluation appointment.

19. Admitted in part and denied in part. It is admitted only that, on or about June 11, 2012, Plaintiff engaged in telephone conversations with employees of the Court Mental Health Clinic ("CMHC") of the Criminal Justice Center, including Answering Defendant Mary Politano. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading. By way of further response, during his conversations with CMHC employees Plaintiff was verbally abusive, argumentative and non-responsive.

20. Denied. Answering Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the averments contained in this paragraph.

21. Denied. Answering Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the averments contained in this paragraph.

22. Admitted in part and denied in part. It is admitted only that, on or about June 14, 2012, Plaintiff spoke on the phone with Mr. Austin, that Mr. Austin left Plaintiff a voicemail message, and that Plaintiff left Mr. Austin numerous voicemail messages. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading. By way of further response, Plaintiff was verbally combative, belligerent, and argumentative in the course of his conversation with Mr. Austin.

23. Denied. To the extent the averments contained in this paragraph are directed to parties other than the Answering Defendants, no response is required from the Answering Defendants and the averments are deemed denied. To the extent the averments are directed toward the

Answering Defendants, they are denied as untrue, inaccurate and misleading. By way of further response, a warrant was lawfully and properly issued for Plaintiff's arrest after he failed to report for a scheduled mental health evaluation.

24. Denied. The averments contained in this paragraph are denied as untrue, inaccurate, misleading and argumentative.

25. Admitted in part and denied in part. It is admitted only that Plaintiff spoke with Mr. Ford on the telephone on or about June 20, 2012 with regard to Plaintiff's mental health evaluation, and that Plaintiff said that he did not plan on coming in until July 12, 2012. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

26. Admitted in part and denied in part. It is admitted that, on or about June 20, 2012, Plaintiff left voicemail messages for Mssr. Austin and Boyd. It also admitted that, on or around the same date, Plaintiff spoke with Ms. Politano with respect to his mental health evaluation appointment. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

27. Admitted in part and denied in part. It is admitted that, on or about July 3, 2012, Plaintiff and his counsel met with Mr. Ford, and that the warrant for Plaintiff's arrest was removed after he agreed to cooperate with respect to the mental health evaluation. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

28. Denied. The averments contained in this paragraph are denied as untrue, inaccurate and misleading.

29. Denied. This paragraph contains conclusions of law to which no response is required. To the extent this paragraph sets forth factual averments, they are denied.

30. Admitted in part and denied in part. To the extent the averments contained in this paragraph constitute conclusions of law, no response is required. To the extent this paragraph sets forth factual averments, it is admitted only that on or about August 2, 2012 Plaintiff sent correspondence directed to Answering Defendant Deputy Chief Charles Hoyt, and that this paragraph, in part, quotes from a portion of the Philadelphia Adult Probation and Parole Department website. That website is in writing and speaks for itself, and any characterizations thereof are denied. The remaining averments are denied as untrue, inaccurate and misleading.

31. Admitted in part and denied in part. It is admitted only that Plaintiff attended a meeting with Mr. Ford on or about August 7, 2012, and that Plaintiff was told to attend a hearing on August 14, 2012. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

32. Admitted in part and denied in part. It is admitted only that Plaintiff's August 14, 2012 hearing was continued until September 26, 2012, and that September 26, 2012 was also Plaintiff's next reporting date. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

33. Denied. To the extent the averments contained in this paragraph constitute conclusions of law or are directed to parties other than the Answering Defendants, no response is required. Moreover, the referenced Gagnon II Hearing Summary and/or "violation sheet" is in writing and speaks for itself, and any characterizations thereof are denied. To the extent the remaining averments are directed toward the Answering Defendants, they are denied as untrue, inaccurate and misleading. Further, it is specifically denied that the referenced Gagnon II Hearing Summary and/or "violation sheet" contained any false and/or misleading statements by any of the Answering Defendants.

34. Admitted in part and denied in part. It is admitted only that the September 26, 2012 hearing was cancelled. The Answering Defendants are without sufficient knowledge or information to form a belief in the truthfulness of certain averments contained in this paragraph, which do not concern any acts and/or omissions of the Answering Defendants. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

35. Admitted in part and denied in part. It is admitted only that an Arrest Warrant Warning was sent to Plaintiff on September 26, 2012, and that Mr. Ford later told Plaintiff to report for a probation meeting on October 25, 2012. The referenced Arrest Warrant Warning is in writing and speaks for itself, and any characterizations thereof are denied. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

36. Admitted in part and denied in part. It is admitted only that Plaintiff attended a probation meeting with Mr. Ford on or about October 25, 2012, and that Plaintiff was lawfully and properly given a drug screening for controlled substances. To the extent the averments contained in this paragraph constitute conclusions of law, no response is required. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

37. Admitted in part and denied in part. It is admitted that a Gagnon II status hearing was requested on or about November 20, 2012, and that Plaintiff attended scheduled probation meetings on or about November 29, 2012, January 3, 2013, February 7, 2013, March 7, 2013 and April 11, 2013. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

38. Admitted in part and denied in part. It is admitted only that Plaintiff attended a scheduled probation meeting with Mr. Ford on or about May 16, 2013. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

39. Denied. Answering Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the averments contained in this paragraph.

40. Admitted in part and denied in part. It is admitted only that, on or about May 10, 2013, Mr. Ford lawfully and properly requested that a status hearing be scheduled in connection with Plaintiff's probation. The Answering Defendants are without sufficient knowledge or information to form a belief in the truthfulness of certain averments contained in this paragraph, which do not concern any acts and/or omissions of the Answering Defendants. The remaining averments contained in this paragraph are denied as untrue, inaccurate and misleading.

41. Denied. The averments contained in this paragraph are denied as conclusions of law, to which no response is required. To the extent the averments are factual and directed toward the Answering Defendants, they are denied.

42. Denied. The averments contained in this paragraph constitute conclusions of law, to which no response is required. To the extent the averments are deemed factual and directed toward the Answering Defendants, they are denied. It is specifically denied that the Answering Defendants' purported acts and/or omissions referenced in Plaintiff's Complaint were "illegal" in any manner.

43. Denied. The averments contained in this paragraph constitute conclusions of law, to which no response is required. To the extent the averments are deemed factual and directed toward the Answering Defendants, they are denied.

44. Denied. The averments contained in this paragraph constitute conclusions of law, to which no response is required. To the extent the averments are deemed factual and directed toward the Answering Defendants, they are denied.

45. Denied. The averments contained in this paragraph are directed to parties other than the Answering Defendants.

46. Denied. To the extent the averments contained in this paragraph constitute conclusions of law or are directed to parties other than the Answering Defendants, no response is required. To the extent the averments are deemed factual and directed toward the Answering Defendants, they are denied.

47. Denied. The Answering Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the averments contained in this paragraph.

48. Denied. To the extent the averments contained in this paragraph constitute factual averments against the Answering Defendants, they are denied as untrue, inaccurate and misleading. The remaining averments contained in this paragraph constitute vague threats and argument on the part of the Plaintiff.

WHEREFORE, Defendants Nicholas James Ford, Mary Politano, Steffen Boyd, Steven Austin, Deputy chief Charles Hoyt, and Chief Robert J. Malvesuto demand judgment in their favor on all claims against them in Plaintiff's Complaint, and such other relief as this Court deems appropriate, including the costs of defending against the claims in this civil action.

## AFFIRMATIVE DEFENSES

1. This Court lacks subject matter jurisdiction over Plaintiff's claims, in whole or in part, pursuant to the *Rooker-Feldman* doctrine.

2. This Court should abstain from hearing this matter under the doctrine of *Younger* abstention.

3. Plaintiff's federal law claims against the Answering Defendants, in whole or in part, fail to state a claim upon which relief can be granted.

4. Plaintiff's state law claims against the Answering Defendants, in whole or in part, fail to state a claim upon which relief can be granted.

5. Plaintiff's claims against the Answering Defendants are barred, in whole or in part, by the doctrine of absolute immunity.

6. Plaintiff's claims against the Answering Defendants are barred by the doctrine of qualified immunity because, at all times material hereto, the Answering Defendants' purported actions or omissions were objectively reasonable and in accordance with applicable state and federal law.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

8. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

9. To the extent that Plaintiff's claims are based upon any testimony provided by any Answering Defendant in a legal proceeding, said Defendant's conduct in giving such testimony is absolutely immune from suit.

10. To the extent that Plaintiff has been a party to civil or criminal litigation in which findings of fact were made adverse to Plaintiff, Plaintiff is collaterally estopped, or barred by the doctrine of res judicata, from asserting contrary averments of fact in this action.

11. Plaintiff's claims constitute an attempt to re-litigate his criminal conviction and are, therefore, barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

12. At all times material to this civil action, the Answering Defendants have acted in a reasonable, proper, and lawful manner.

13. Plaintiff cannot recover punitive damages against the Answering Defendants.

14. Plaintiff is not entitled to declaratory and/or injunctive relief against the Answering Defendants.

15. Plaintiff's claims are barred, in whole or in part, insofar as the Answering Defendants' purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage.

16. Plaintiff has suffered no legally cognizable injury, harm, loss, or damage upon which relief can be granted.

17. Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to take reasonable measures to mitigate any or all damages.

18. The Plaintiff's injuries, if any, were caused by the Plaintiff's own negligent, wanton, reckless, or criminal conduct.

19. The Answering Defendants are entitled to all defenses under federal law, Pennsylvania law, and other applicable law, and to require Plaintiff to prove each and every element of Plaintiff's causes of action.

WHEREFORE, Defendants Nicholas James Ford, Mary Politano, Steffen Boyd, Steven Austin, Deputy Chief Charles Hoyt, and Chief Robert J. Malvesuto demand judgment in their favor on all claims against them in the Plaintiff's Complaint, and such other relief as this Court deems appropriate, including the reasonable costs of defending against the claims stated therein.

                Respectfully submitted,

                */s/ Oleg V. Nudelman*
                Oleg V. Nudelman, Esquire
                Jeffrey M. Scott, Esquire
                Archer & Greiner, P.C.
                One Liberty Place, 32nd Floor
                1650 Market Street
                Philadelphia, PA 19103
                (215) 963-3300
                Email:  onudelman@archerlaw.com

                **Attorneys for Defendants Nicholas James Ford, Mary Politano, Steffen Boyd, Steven Austin, Deputy Chief Charles Hoyt, and Chief Robert J. Malvesuto**

Dated: January 14, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants Nicholas James Ford, Mary Politano, Steffen Boyd, Steven Austin, Deputy Chief Charles Hoyt and Chief Robert J. Malvesuto's Petition for Leave to File Answer to Plaintiff's Complaint *Nunc Pro Tunc* was electronically filed on the below date. A copy of the Petition was served on the below individuals by first class mail, postage prepaid, and email at the below address:

Jason Collura
P.O. Box 934
Philadelphia, PA 19105
verdictfor@gmail.com
*Plaintiff Pro Se*

Martha Gale
Administrative Office of PA Courts
1515 Market Street
Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
*Attorneys for Defendant The Honorable Pamela Pryor Dembe*

/s/ Oleg V. Nudelman
Oleg V. Nudelman, Esquire

Dated: January 14, 2014

10612554v1