IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON COLLURA, | : | |
|       *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS JAMES FORD et al., | : | No. 13-4066 |
|       *Defendants*. | : | |

**O R D E R**

**AND NOW**, this 28th day of March, 2014, upon careful consideration of a number of motions filed in the above-captioned litigation,[1] **it is HEREBY ORDERED and DECREED as follows:**

In this action under 42 U.S.C. § 1983, Plaintiff Jason Collura has filed several motions requesting various relief. For the reasons explained here, these motions must be denied.

The Court understands that litigation can be frustrating for a pro se litigant such as Mr. Collura. The Court also appreciates that Mr. Collura has made and continues to make diligent efforts to marshal case law to support his position. For these reasons, and mindful of its role as an educator of the public on the law, the Court provides the following explanation for Mr. Collura's benefit. Specific directives to the parties then follow.

---

[1] The motions and relevant briefing are: the remaining Defendants' Motion to Set Aside Application for Entry of Default ("Motion to Set Aside Entry of Default," Docket No. 18), Mr. Collura's Response thereto (Docket No. 23), the Defendants' Petition for Leave to File Answer and their Proposed Answer (Docket No. 27), the Court's January 27, 2014 Order (Docket No. 31), Mr. Collura's Opposition to Defendants' Petition for Leave to File Answer (Docket No. 33), the Defendants' Supplemental Brief (Docket No. 41), and Mr. Collura's Motion for Reconsideration (Docket No. 38), Motion for an ECF Account (Docket No. 39), Motion for Recusal (Docket No. 42), Rule 59 Motion for Rule 59 Reconsideration (Docket No. 43), Brief in Opposition to Ford's Brief in Support Motion to Set Aside Valid Judgment (Docket No. 44), Motion to Disqualify Archer and Greiner (Docket No. 45), and Reply to Dembe's Response (Docket No. 46).

Mr. Collura filed his Complaint on July 11, 2013. He sued the City of Philadelphia; the Hon. Pamela Pryor Dembe, President Judge of the Philadelphia Court of Common Pleas and the judge who presided over the conviction Mr. Collura challenges; and several probation officers involved in his case. In his 42-page Complaint, Mr. Collura noted that he was bringing his action under § 1983 for violation of his federal constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments, "all of the Federal Constitution," and several Pennsylvania laws. Compl. ¶ 2 (Docket No. 1). As the Probation Officer Defendants (the only who remain) have noted in response to the Court's January 27, 2014 Order directing them to "identify with particularity, to the extent possible, which claims Mr. Collura has made against which Defendants," Jan. 27, 2014 Order ¶ 2(a) (Docket No. 31), "identification of the specific legal claims in this case is exceedingly difficult because the . . . Complaint does not separately set forth [Mr. Collura's] numerous causes of action." Def's' Supp. Br. 2 (Docket No. 41). The Court must agree, despite Mr. Collura's contentions that understanding his Complaint is "rather simple." Pl's' Br. 1 (Docket No. 44).

Still, Mr. Collura should be aware that the Court has made diligent efforts to construe his Complaint because "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Leaving to one side Mr. Collura's Pennsylvania law–based claims,[2] the Court has identified the following potential

---

[2] These claims are not relevant at this juncture (considering whether to lift default judgment), because if the Probation Officer Defendants establish complete defenses to Mr. Collura's federal claims, the Court will likely lose jurisdiction over Mr. Collura's Pennsylvania law–based claims. "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must decline* to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added); *accord United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *see also, e.g.*, *Shaffer v. Bd. of Sch. Dirs.*, 730 F.2d 910, 912 (3d Cir. 1984) ("[P]endent jurisdiction should be declined where the federal

claims against the Probation Officer Defendants: Mr. Collura was required to comply with the terms of his probation imposed upon him for an invalid conviction (presumably Fourth Amendment and due process claims); the Probation Officer Defendants administered these terms (in particular, by requiring drug tests and mandatory meetings or evaluations and issuing invalid warrants) for retaliatory reasons (presumably a First Amendment claim); and, in addition to being required to attend certain hearings (such as for violation of parole), Mr. Collura was not provided timely and adequate notice of these proceedings (presumably a due process claim).

On July 24, 2013, Mr. Collura filed the Summons that he had served by process server on all of the Defendants on July 22, 2013 (Docket No. 2). The City of Philadelphia moved to dismiss on August 12, 2013, and the Court granted the City's Motion (Docket No. 3) with prejudice because the City was not a proper party and was in no way responsible for Judge Dembe or the Probation Officer Defendants' acts. *See* Sept. 23, 2013 Order (Docket No. 6). The Court denied Mr. Collura's subsequent Motion for Reconsideration (Docket No. 7), in which he again inaccurately asserted that the individual Defendants were agents of the City. *See* October 15, 2013 Order (Docket No. 8). Mr. Collura then appealed the dismissal of his claims against the City on November 15, 2013 (Docket No. 11), and that appeal is currently pending, *see* No. 13-4884 (3d Cir.).

Recognizing that he had improperly served the individual Defendants (by trying to serve them through the City of Philadelphia), Mr. Collura again attempted to serve them on November 7, 2013 (Docket No. 10). That service has been accepted as sufficient by the Probation Officer Defendants, but was not by Judge Dembe, who argued that her "chambers is physically separate and apart from the office of the Deputy Court Administrator's secretary ([with whom Mr. Collura's process server left the Summons and Complaint]), who is not an agent authorized to

---

claims are no longer viable, absent extraordinary circumstances." (citations and internal quotation marks omitted)).

accept service of process upon Court of Common Pleas judges." Mot. Set Aside Default ¶ 5 (Docket No. 17). The Court cannot disagree with Judge Dembe, as there is no indication that a secretary in another office was authorized to accept service on Judge Dembe's behalf. *See* Pa. R. Civ. P. 402(a)(2)(iii) ("Original process may be served by handing a copy at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."). Nonetheless, Judge Dembe's counsel entered her appearance on December 5, 2013 (Docket No. 13).

On December 17, 2013, Mr. Collura requested entry of default against the individual Defendants by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a), and the Clerk entered default (Docket No. 16). Six days later, Judge Dembe and the Probation Officer Defendants separately moved to set aside the defaults entered against them (Docket Nos. 17, 18). Several days after that, on December 27, 2013, Judge Dembe moved to dismiss (Docket No. 19). That same day, Mr. Collura moved for default judgment against all the individual Defendants (Docket No. 21) and filed briefs opposing their Motions to Set Aside Default (Docket Nos. 22, 23) and Judge Dembe's Motion to Dismiss (Docket No. 25). The Probation Officer Defendants petitioned for leave to file an untimely answer on January 14, 2014, and Judge Dembe and the Probation Officer Defendants filed their oppositions to Mr. Collura's Motions for Default Judgment on January 16 and 17, 2014, respectively (Docket Nos. 28, 29).

On January 16, 2014, the Court granted Judge Dembe's Motion to Set Aside Default and Motion to Dismiss and denied Mr. Collura's Motion for Default Judgment as against her. *See* Jan. 16, 2014 Order (Docket No. 30). The Court explained that Judge Dembe had a complete defense to the action against her—absolute judicial immunity; Mr. Collura could not show that he was prejudiced by her late defense of the action; and her failure to timely defend was not culpable or willful. In fact, Judge Dembe continued to dispute whether she had been properly

4

served, as noted above. Because courts do "not favor defaults, and . . . in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits," *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982), the Court found that this dispute—and the likely invalid service of process underlying it—enough to find Judge Dembe not culpable. *See also, e.g.*, *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) ("[B]ecause judgments by default are disfavored, a court usually will try to find that there has been an appearance by defendant." (citation and internal quotation marks omitted)). Further, although it did not so note in the January 16, 2014 Order, the Court necessarily rejected Mr. Collura's argument that Judge Dembe's Motion to Dismiss was untimely and therefore should be denied. The Court will now observe, for Mr. Collura's benefit, that courts have discretion to accept late-filed motions to dismiss. *See, e.g.*, *Allen v. Gooden*, 521 F. App'x 754, 757 (11th Cir. 2013) (per curiam); 10A Charles Alan Wright, Arthur R. Miller, et al., *Federal Practice and Procedure* § 2682 (3d ed. 2013) ("Of course, the court has discretion to grant additional time to a party to plead or otherwise defend."). And where a defendant is immune from suit, as here, it would be unjust not to allow her to raise that defense.

On February 6, 2014, Mr. Collura tendered five filings, all dated January 29, 2014 or earlier. He opposed Judge Dembe's Opposition to his Motion for Default Judgment (Docket No. 32); he opposed the Probation Officer Defendants' Petition for Leave to File an Answer (Docket No. 33); he moved to strike allegedly waived affirmative defenses in the Probation Officers' Petition (Docket No. 34); he opposed Mr. Ford's untimely response to his Motion for Default Judgment (Docket No. 35); and he moved to disqualify the Probation Officer Defendants' lawyers. The Court denied these motions on February 10, 2014. *See* Feb. 10, 2014 Order (Docket No. 37).

After the February 10, 2014 Order was filed, Mr. Collura filed two more motions on February 10: a Motion for Reconsideration (Docket No. 38) and a Motion for an ECF Account (Docket No. 39). These matters are currently before the Court, along with Mr. Collura's Motion for Recusal (Docket No. 42), Motion for Reconsideration (Docket No. 43), and Motion to Disqualify Counsel (Docket No. 45), filed on March 17 and 19, 2014.

### Motion for Reconsideration (Docket No. 38)

In his Motion for Reconsideration filed February 10, 2014 (Docket No. 38), Mr. Collura makes the following contentions:

1) Mr. Collura did not receive a copy of the January 16, 2014 Order, and the documents he sent in were docketed late. He "has to really wonder if this . . . unlimited biased and prejudiced court has something to do with this" as "one way to finally get away with the injustice that everybody is desperately seeking." Mot. 0.[3]

2) The Court "[gave the Defendants] A GIFT by attempting to make final an [sic] non-final order to attempt give [sic] the criminals time to respond to the suit, by attempted [sic] to claim the notice of appeal was ripe so it stayed the proceedings." Mot. 1. In other words, the Court should have granted Mr. Collura's Motion to Rescind (Docket No. 24), in which he asked the Court to rescind an Order for which he had previously moved. *See* Jan. 17, 2014 Order (Docket No. 30). He also claims that the Court has overlooked his claim of "illegal imprisonment" against the City of Philadelphia, Mot. 2, and thus that the Court's statement that "the only issue with regard to the Court's dismissal of the City of Philadelphia is whether the City of Philadelphia is liable for the actions of the First Judicial District," *see* Dec. 17, 2013 Order at 2 n.1 (Docket No. 15), is inaccurate.

3) Mr. Collura argues that "it's strange because the gift-giver [the Court] waited almost two years to help other criminals out in another case," but has ruled on (and denied) his motions relatively quickly. Mot. 1.

---

[3] Numbered page 1 begins on the second page.

6

4) Next, Mr. Collura claims that the Court gave "a gift to Dembe, again, openly and absurdly, illogically, and disgracefully," by "inserting alleged defenses for her that she did not ask for." Mot. 3. The Court presumes Mr. Collura is referring to the following sentence: "Although Judge Dembe does not raise an otherwise viable defense under *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, she asserts absolute judicial immunity." Jan. 16, 2014 Order 3 n3. Mr. Collura then argues that the Court has raised a *Heck* defense for Judge Dembe and that "new arguments can't even be made for pro se litigants," so the Court should not be making one "for a [sic] alleged judge," and that *Heck* is inapplicable anyway. Mot. 4.

5) Mr. Collura then argues that "judicial immunity does not apply." Mot. 4. He argues that he was convicted of 18 Pa. Cons. Stat. Ann. § 3933, but that that statute was repealed before his conviction, and so Judge "Dembe had no jurisdiction, period." Mot. 7. Further, Mr. Collura argues, even if Judge Dembe is immune from damages and injunctive relief, he is still entitled to declaratory relief. Mot. 7.

6) Additionally, Mr. Collura asserts, Judge Dembe's response to his Motion for Default Judgment was untimely and that he thus "won this case on December 17, 2013" and "criminal Dembe has done nothing to reverse that." Mot. 3. "She was properly served and this gift insanely ignores the above facts." Mot. 3.

7) Further, he asserts, a "defense of lack of personal jurisdiction" is waived if not raised in the party's "initial responsive pleading." Mot. 4.

First, the Court takes under advisement Mr. Collura's averment that he did not receive a copy of the January 16, 2014 Order and that the documents he sent in were docketed late. The Court itself, however, does not docket the documents Mr. Collura submits, and even if there was a postal or clerical error, that in no way suggests that the Court is prejudiced against Mr. Collura. The Court has always given Mr. Collura's submissions careful consideration and will continue to do so—just as it does for every litigant's.

Second, Mr. Collura's only allegations against the City of Philadelphia—to the extent the Court understands them—involve the City's alleged *respondeat superior* or policymaking

7

authority over "its First Judicial District." Compl. ¶ 11. Mr. Collura's Complaint states that "The City failed to supervise, discipline, control, train Dembe and other robe wearers, and acted with deliberate indifference to the needs of Plaintiff and other victims all of which caused direct harm to this victim." Compl. ¶ 11. But the City of Philadelphia does not control the First Judicial District, which is an arm of the Commonwealth of Pennsylvania, and there is no *respondeat superior* liability for such a policy, practice, or custom claim in any case. As a matter of law, Mr. Collura cannot pursue the claims he has asserted against the City of Philadelphia. And because this issue—the relationship of the City to the other Defendants—is unique to Mr. Collura's case against the City, judgment in favor of the City under Federal Rule of Civil Procedure 54(b)— what Mr. Collura himself requested—was appropriately entered, and there is no reason to "rescind" it.

  Third, Mr. Collura's notion that the length of time the Court takes to decide a motion somehow implies that it is biased against him is wholly unwarranted. Different cases have different issues; the Court has hundreds of cases and some are simple and others complex. In fact, Mr. Collura should note that the faster the Court considers at his case, the faster his claims will be resolved.

  Fourth and fifth: Mr. Collura has been on notice of a potential *Heck* defense since the City of Philadelphia timely raised it in its Motion to Dismiss (Docket No. 3). The Court then put Mr. Collura on yet further notice of the potential applicability of a *Heck* defense as to the other Defendants in its September 23, 2013 Order granting the City's Motion to Dismiss (Docket No. 6). Nor is there anything at all inappropriate about a court raising a *Heck* defense itself: if applicable, *Heck* makes attacks on a conviction that has not been overturned "uncognizable"— that is, an invalid claim. *See, e.g.*, *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). Further, *sua sponte* (that is, the Court on its own) dismissals for a reason brought up by another

8

defendant are not in error, so long as the plaintiff has notice of that possibility and an opportunity to respond, as Mr. Collura did here (in fact, he has vigorously contested the applicability of *Heck* to anyone other than the City, *see* Opp. Mot. Dismiss 7-10 (Docket No. 5); Opp. Mot. Set Aside (Docket No. 23) ("As Plaintiff's reply to motion to dismiss expounds [Docket No. 5], *Heck v. Humphrey* . . . are . . . defenses against the City not any of the above defendants."); *cf.* Reply 2 (Docket No. 46) ("Heck is limited to a potential defense for municipalities.")). *See, e.g.*, *Bintliff-Ritchie v. Am. Reins. Co.*, 285 F. App'x 940, 943 (3d Cir. 2008) ("The District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6)." (citing *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980))); *Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010) ("While the district court did dismiss *sua sponte* some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants."). In fact, a number of courts have noted in passing the *sua sponte* raising of *Heck*. *E.g.*, *Hunt v. Michigan*, 482 F. App'x 20, 21 (6th Cir. 2012) (per curiam), *cert. denied*, 133 S. Ct. 1999 (2013); *Roberts v. O'Bannon*, 199 F. App'x 711, 712-13 (10th Cir. 2006); *Whatley v. Coffin*, 496 F. App'x 414, 416 (5th Cir. 2012) (per curiam) ("Whatley was notified of the *Heck*-bar issue and afforded multiple opportunities to contest a dismissal on that ground."); *Frost v. Fox*, 53 F.3d 338, at *1-2 (9th Cir. 1995) (table opinion); c*f. also, e.g.*, *Walker v. Munsell*, 281 F. App'x 388, 389 (5th Cir. 2008) (per curiam) ("A *Heck* defense, however, is not waived by failure to plead it as an affirmative defense . . . ."). Thus, the Court would not be able to enter a default judgment in Mr. Collura's favor against Judge Dembe even if she had not defended the action on the grounds of judicial immunity. *See, e.g.*, 10A Wright & Miller, *supra*, § 2688 ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

Mr. Collura's argument is also a nonstarter for the additional reason that the Court *did not dismiss the claim against Judge Dembe on* Heck *grounds*, but rather on judicial immunity grounds, as a plain reading of the January 16, 2014 Order confirms. Mr. Collura attacks the assertion of judicial immunity, as well, but he offers nothing to show that Judge Dembe *lacked jurisdiction* over his case. Whatever it was that Mr. Collura did, pleaded guilty to, and was convicted of, if it violated the terms of 18 Pa. Cons. Stat. Ann. § 3933, then it also violated § 3933's replacement, 18 Pa. Cons. Stat. Ann. § 7611, *see* Jan. 16, 2014 Order 3 n.3, and thus clearly fell within Judge Dembe's jurisdiction (and certainly not "in the 'clear absence of all jurisdiction,'" *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978))). Furthermore, the Court notes that under both Pennsylvania and federal law, a defect such as the wrong statutory *citation*—the only error this really is alleged to be—is not fatal to a conviction. *See* Pa. R. Crim. P. 109 ("A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect . . . before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant."); *United States v. Hall*, 979 F.2d 320, 323 (3d Cir. 1992) ("The citation of the wrong statute in an indictment is not grounds for reversal of a conviction unless the defendant was misled to his or her prejudice. *See* Fed. R. Crim. P. 7(c)[(2)]. There is no prejudice from the citation to an inapplicable statute when the elements of the two crimes are the same and the defendant was adequately apprised of the charges.").

As for the issue of declaratory relief: the Court did address this issue in the final paragraphs of footnote 3 of its January 16, 2014 Order. The Court will also point out two additional, alternative grounds for nonintervention: concerns of comity and respect for the state court judiciary as evident in, for instance, *Younger v. Harris*, 401 U.S. 37 (1971), and *O'Shea v.*

10

*Littleton*, 414 U.S. 488 (1974), as well as *Heck*—*Heck*, which, after all, Mr. Collura has had ample opportunities to argue against and maintains only applies to municipalities, *see* Reply 2 (Docket No. 46). The Court can hardly grant Mr. Collura relief premised on Judge Dembe's alleged violation of Mr. Collura's constitutional rights in convicting and confining him and subjecting him to probation when he cannot challenge that conviction except by a petition for a writ of habeas corpus. Although the *Heck* bar may or may not apply to Mr. Collura's claims against the Probation Officer Defendants, it certainly applies to bar any claim that Judge Dembe's sentencing him was illegal. The Court recognizes that *Heck* can be difficult to understand, especially for a pro se litigant, and perhaps it can seem unjust at times. Indeed, Judge Rendell recently opined as much in her concurrence in *Deemer v. Beard*, --- F. App'x ----, No. 13-1986, 2014 WL 764862 (3d Cir. Jan. 16, 2014) (Rendell, J., concurring). But she had to agree with the majority that Third Circuit "precedent dictates that we must reject [the plaintiff's] argument." *Id.* at *5.

  Sixth: The Court has explained above that default judgments are disfavored. The Clerk of Court's entry of default—as far as Mr. Collura got against any Defendant in this case before the individual Defendants appeared—does not mean that he "won [his] case," but rather that the defaulting defendant is presumptively culpable and that the court can then examine whether the plaintiff is entitled to relief. For the reasons described here and in the Court's prior Orders, Mr. Collura was not entitled to relief, as a matter of law, against Judge Dembe.

  Seventh and finally, Judge Dembe did not raise a defense of lack of personal jurisdiction. She merely asserted that she was not properly served as relevant to the default judgment context.

  For the reasons laid out above, the Motion for Reconsideration (Docket No. 38) must be denied.

**Motion for Reconsideration (Docket No. 43)**

Mr. Collura again raises some of the contentions addressed above in his March 14, 2014 Motion for Reconsideration (Docket No. 43), along with several others. Instead of revisiting these issues (or other issues, such as the Court's ruling on the untimeliness of one of Judge Dembe's rules—the Court will simply remind Mr. Collura that he is not the first party, nor will he be the last, to have an exception to Local Rule 7.1's time limits applied against him, *see, e.g.*, *United States ex rel. Galmines v. Novartis Pharm. Corp.*, No. 06-3213, 2013 WL 5924962, at *7-8 (E.D. Pa. Nov. 5, 2013)—the Court will address his newer arguments. In essence—and the Court again observes that it understands Mr. Collura's confusion as a pro se litigant—Mr. Collura objects to the Court's construing certain of his filings as motions (or not as motions) and then asks, for instance, "Is Plaintiff suppose[d] to now not respond to something filed bogus or not, until after it is ruled on[?] How can it be denied before a ruling is made on their bogus motion[?]" Mot. 2.

Mr. Collura should rest assured that the Court is not dismissing his arguments without reviewing them. To the contrary, in fact, the Court carefully reads Mr. Collura's submissions, just as it does every litigant's. The issue here is probably that Mr. Collura misapprehends the relevant terminology. A "motion" is "[a] request for a court order" granting certain "relief." Fed. R. Civ. P. 7(b)(1). A party who *opposes* a motion—in other words, a party who does *not want* the Court to grant the "moving party" that relief—files a "response," which may also be known as an "opposition" or "brief in opposition." Thus, for example, Mr. Collura's "Motion to Oppose Leave to File Untimely Answer Nunc Pro Tunc by Offenders Ford, Politano, Boyd, Austin, Hoyt, Malvesuto" (Docket No. 33) is not actually a "motion," but a "brief in opposition" to the Probation Officer Defendants' Petition (similar to a "motion"). The Court *is not ignoring* Mr.

Collura's filing; rather, it will consider it for its arguments against the Probation Officer Defendants' Petition for leave to file answer.

Similarly, Mr. Collura's Motion to Strike (Docket No. 34) was denied as premature *without prejudice to refile at an appropriate time*. In other words, if and only if the Court allows the Probation Officer Defendants to file a Proposed Answer may Mr. Collura refile a Motion to Strike. There is absolutely no prejudice whatsoever to Mr. Collura. And inasmuch as his arguments in the Motion to Strike concern the untimeliness of the Proposed Answer, that issue is the whole point of these proceedings that remain pending: if the default should be set aside, the Defendants must be allowed to answer; thus, it is the former question that the Court has repeatedly instructed the parties to focus on.

In addition, Mr. Collura objects to the Court's treatment of his "Opposition to Ford's Untimely Response to Default Judgment Under 55(b)" (Docket No. 35) by stating that it was not a "renewed motion," Mot. 3, and that he has made a claim for a "sum certain" such that the Clerk of Court may enter it without the Court's involvement, Mot. 4. Mr. Collura misunderstands the meaning of "sum certain." A "sum certain" exists in such situations as where a contract between the plaintiff and defendant specifies in advance a certain amount of money that one party will pay the other in the event of a breach of that agreement, and then the defendant does indeed break the agreement. In the vast majority of civil cases outside the realm of such preexisting contractual agreements, as here, damages are uncertain and must be proven. The Court's February 10, 2014 Order cites such relevant authority for this proposition in a footnote and thus instructs the Clerk that the claim is not for a "sum certain" in order to ensure that the Clerk leaves the matter to the Court, since only courts can enter default judgments where the amount claim is not a sum certain, as Mr. Collura recognizes. *See* Mot. 4 n.3; Fed. R. Civ. P. 55(b)(2).

Mr. Collura raises three final objections. First, he objects to the Court's requesting supplemental briefing from the Probation Officer Defendants because, he argues, the Court "absurdly claims that it cannot determine whether they can be given more positive rulings without briefing." Mot. 5. What Mr. Collura may be forgetting is that the Court's job is to reach the right outcome under the law in an impartial manner. In order to do this, courts frequently order litigants to provide more briefing or information where necessary. This is such a case. In fact, Mr. Collura might reframe the issue: default judgments are disfavored, but the Court is attempting to make sure that the default should be lifted, rather than that it should not be lifted.

Finally, Mr. Collura objects to what he perceives as his being sanctioned. Mr. Collura was not sanctioned. He was directed to use respectful language in his filings. The Court will touch upon this point again below, in its final directives to the parties.

For these reasons, the Motion for Reconsideration (Docket No. 43) must be denied.

## Motion for Recusal (Docket No. 42) and
## Motion to Disqualify Archer and Greiner (Docket No. 45)

In his Motion for Recusal, Mr. Collura contends that the Court is biased against him and "crank[s] out" orders as fast as possible against him. Mot Recusal 2. This contention, like the others in the Motion, is without merit. As described in detail above, the Court has adjudicated the parties' motions in accordance with what the law requires. There is no bias or prejudice simply because a party's successive motions are denied. Mr. Collura's Motion for Recusal must be denied.

Mr. Collura's Motion to Disqualify Archer and Greiner as Probation Officer Defendants' counsel must also be denied. Mr. Collura asserts that "the same counsel cannot represent different defendants in a non-class action civil matter." Mot. Disqualify 0. That is simply not

14

true. Mr. Collura's second contention is that the Archer and Greiner attorneys at issue here represented the City of Philadelphia, which earlier in this litigation asserted that the Probation Officer Defendants were not its employees, and now the City has "turn[ed] right around and hir[ed] counsel for [those whom] they just declared repeatedly [were] not their employees." Mot. Disqualify 1. But there is no indication that it is the City that is hiring Archer and Greiner for the Probation Defendants, or that the Probation Officer Defendants are City employees. The Court can only infer that the Probation Officer Defendants have hired Archer and Greiner because Archer and Greiner do this type of work and are already familiar with this case.

## Other Matters

In deciding whether to set aside a default entered by the clerk of court, a court assesses three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a complete and meritorious defense to the action; and (3) whether defendant's default was the result of his culpable conduct.[4] The Court finds that the Probation Officer Defendants (hereinafter, "Defendants") have satisfied the first and third prongs of this test.

First: "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment" in favor of a defendant who has appeared. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656-57 (3d Cir. 1982). Rather, "the prejudice requirement compels plaintiffs to demonstrate that the plaintiff's claim

---

[4] Defaults entered by the clerk may be set aside upon showing of "good cause." Fed .R. Civ. P. 55(c). The Third Circuit Court of Appeals "has often emphasized that it does not favor defaults, and that in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits," *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982), and it has laid out three factors for district courts to be consider in arriving at a decision to be reviewed for abuse of discretion: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

15

would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001). Mr. Collura has pointed to no prejudice other than delay, and the Court has already noted that his argument that default is the only way to vindicate his claims is insufficient as a matter of law. *See* February 10, 2014 Order ¶ 1(b)(ii).

Third: In the context of a defendant's failure to timely answer a plaintiff's complaint, "culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). As the Defendants have shown in their Supplemental Brief (No. 41), their failure to timely answer Mr. Collura's Complaint resulted from administrative error on the part of the City of Philadelphia Law Department, which provides legal representation to First Judicial District employees upon request, as here. *See* Defs. Supp. Br. 22-24; *id.* Exs. 1 & 2 (Docket No. 41). The Defendants' late appearance and Petition for Leave to File Answer were therefore neither willful nor made in bad faith.

But the second issue remains. As the Defendants note, to show that they have a meritorious defense, they must show that "allegations of [their] answer, if established [at] trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d at 244; citing *Farnese v. Bagnasco*, 687 F.2d at 761, 764 (3d Cir. 1982)). As their briefing suggests, the Defendants have several defenses as a matter of law to Mr. Collura's claims. To the extent that Mr. Collura challenges the *fact* of his probation, that claim is barred by *Heck*, as earlier discussed.[5] But the Court requires more information to evaluate whether a

---

[5] *See* September 23, 2013 Order 2 n.2 (Docket No. 6); *see also, e.g.*, *Stewart v. City of Philadelphia*, 267 F. App'x 104, 105 (3d Cir. 2008); *see also, e.g.*, *Williams v. Wisconsin*, 336

challenge to the conditions of Mr. Collura's probation—such as drug testing—is potentially *Heck*-barred. "Because probation is by its nature less confining than incarceration, the distinction between the fact of confinement and the *conditions* thereof is necessarily blurred." *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir. 1977). Thus, the primary inquiry is "whether [Mr. Collura's success in challenging the conditions of his probation] would call into question *a state court's judgment*," rather than "only the discretionary decisions of the [Probation] Department." *Thornton v. Brown*, --- F.3d ---, No. 11-56146, 2013 WL 7216368, at *7 (9th Cir. Feb. 18, 2014). Further, while "the spirit of the *Younger* doctrine" appears to bar at least some of Mr. Collura's claims "since he is trying to derail . . . ongoing probation . . . proceeding[s]," *Sarlund v. Anderson*, 205 F.3d 973, 975 (7th Cir. 2000) (citing *Younger v. Harris*, 401 U.S. 37 (1971)),[6] claims for damages are not barred by *Younger* per se, at least in the Third Circuit, *see, e.g.*, *Howard v. N.J. Div. of Youth & Family Servs.*, 398 F. App'x 807, 811 (3d Cir. 2010).[7]

Other of the defenses the Defendants raise, however, may only be established by evidence or proof at summary judgment or trial, and not as a matter of law this early in the litigation; Defendants concede as much with regard to Mr. Collura's ostensible First Amendment retaliation claim and his claim that the Defendants did not give him notice of violation of

---

F.3d 576, 580 (7th Cir. 2003) (citing *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir. 1977)); *Bilderback v. Lindholm*, No. 09-0110, 2009 WL 959995, at *1 (W.D. Wis. Apr. 6, 2009).

[6] *See also, e.g.*, *Bilderback v. Lindholm*, No. 09-0110, 2009 WL 959995, at *1 (W.D. Wis. Apr. 6, 2009) ("It also appears that plaintiff is seeking an order preventing defendants from 'set[ing][him] up for [a] revocation'" that has not yet occurred. He must take that concern to the state courts. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court may not enjoin a state's criminal prosecution against an individual; properly construed, the *Younger* doctrine prohibits federal courts from attempting to 'derail an ongoing probation revocation proceeding' as well." (citing *Sarlund*, 205 F.3d at 975)).

[7] The Court also recognizes that Mr. Collura may lack standing to bring certain claims for injunctive relief given that certain Defendants have been removed as probation officers from Mr. Collura's state court criminal case.

17

probation (or other probation) proceedings. *See* Defs. Supp. Br. 14-17.[8] Defendants state that "[a]t trial, [they] will prove that [Mr. Collura] received proper notice of all probation-related requirements, in accordance with governing law and Probation Department procedures." Defs. Supp. Br. 16. Their Proposed Answer, however, only addresses instances of notification (other than the sending of an Arrest Warrant Warning, Proposed Answer ¶ 35), in a conclusory manner. *E.g.*, Proposed Answer ¶ 18 ("Plaintiff was lawfully and properly notified of the scheduling of his mental health evaluation appointment."). Defendants also say little in their Proposed Answer (other than by way of denial) regarding Mr. Collura's retaliation claims.

Thus, out of fairness to Mr. Collura and in an abundance of caution, given that the Third Circuit Court of Appeals requires a defendant seeking to establish a meritorious defense to allege "specific facts beyond simple denials or conclusionary statements," *$55,518.05 in U.S. Currency*, 728 F.2d at 195, and to the extent that Mr. Collura otherwise has viable federal claims with regard to notice rights and retaliation, the Defendants must be more specific in their Proposed Answer. The Court will thus require the parties to tender Supplemental Submissions as set out below.

**For the foregoing reasons, it is HEREBY ORDERED and DECREED that:**

    1.    **The parties shall tender Supplemental Submissions as follows:**

        a. by April 11, 2014, the Probation Officer Defendants shall file a Supplemental Submission—

            i. attaching those state court documents that imposed and/or indicate the terms of Mr. Collura's sentence;

---

[8] The Court will not address Mr. Collura's supplemental state law claims at this juncture, because if the Defendants were to establish meritorious defenses to the federal claims, the Court would likely have to decline to exercise supplemental jurisdiction over the state law claims. *See supra* note 2.

        ii. attaching an Amended Proposed Answer with more specific allegations, as indicated above;

        iii. attaching any other necessary and/or helpful documentation; *and*

        iv. otherwise addressing the foregoing issues; *and*

    b. by April 25, 2014, Mr. Collura shall file a Supplemental Submission responding to the Defendants' Supplemental Submission.

2. Mr. Collura's Motion for Reconsideration (Docket No. 38) is **DENIED**.

3. Mr. Collura's Motion for an ECF Account (Docket No. 39) will be **TAKEN UNDER ADVISEMENT** pending the Court's consideration of Mr. Collura's next filings.

    a. If Mr. Collura's next set of filings demonstrate that he can use respectful and appropriate language, his Motion will be granted.

    b. Mr. Collura may find the following rules of the road helpful:

        i. Name-calling should be avoided. The other parties are "the Defendants," or "Mr. Ford," etc.; the Court is "the Court," not the Defendant's "friend," etc.

        ii. Any factual allegations belong in a pleading (Complaint) or sworn affidavit, not in a motion.

        iii. What individuals did in other cases not related to this litigation is extremely unlikely to be relevant.

        iv. Adverbs are almost always unnecessary, especially when they are critical or rude. This rule is as applicable to good legal writing as it is to respectful communication.

4. Mr. Collura's Motion for Recusal (Docket No. 42) is **DENIED**.

5. Mr. Collura's Motion for Reconsideration (Docket No. 43) is **DENIED**.

6. Mr. Collura's Motion to Disqualify Counsel (Docket No. 45) is **DENIED**.

7. The parties are reminded that the following motions or petitions remain pending:

a. the Probation Officer Defendants' Motion to Set Aside Entry of Default Judgment (Docket No. 18);

b. Mr. Collura's Motion for Default Judgment (Docket No. 21); *and*

c. the Probation Officer Defendants' Petition for Leave to File Answer (Docket No. 27).

8. It should be clear to the parties that the three pending motions or petitions will be resolved together. If the default should not be set aside, the case will proceed to default judgment. If, on the other hand, the default should be set aside, the Defendants must be allowed to answer.

9. The Court also reminds Mr. Collura that he may file an Amended Complaint if he desires to clarify any of his factual allegations or legal claims. Even if the default is eventually set aside and the Defendants answer the Complaint, Mr. Collura may move for leave to file an Amended Complaint, and leave is "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).

10. Further, *if* Defendants file an answer, *then* would be the appropriate time for Mr. Collura to move to strike.

**IT IS SO ORDERED.**

BY THE COURT:

s/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge