IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON COLLURA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS JAMES FORD et al., | : | No. 13-4066 |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this 16th day of September, 2014, upon consideration of Mr. Collura's "Motion to Strike Waived 'Affirmative Defenses' with Prejudice in Above Defendants [sic] Untimely Answer" (Docket No. 74); "Motion for Full or Partial Judgment on the Pleadings" (Docket No.75); "Motion to Change 'Deadlines'" (Docket No. 76); "Second Motion for Dismissal Under Rule 41(b)" (Docket No. 77); "Motion for Permission to Appeal" (Docket No. 78); and "Rule 59(e) Motion for Reconsideration" (Docket No. 79) **it is HEREBY ORDERED that:**

1. **Mr. Collura's "Motion to Strike Waived 'Affirmative Defenses' with Prejudice in Above Defendants [sic] Untimely Answer" (Docket No. 74) and his "Rule 59(e) Motion for Reconsideration" (Docket No. 79) are DENIED.**

    a. The Court treats the "Motion to Strike Waived 'Affirmative Defenses' with Prejudice in Above Defendants [sic] Untimely Answer" as a motion for reconsideration of the Court's July 15, 2014 Order (Docket No. 68), in which the Court denied in pertinent part Mr. Collura's prior "Motion to Strike Waived 'Affirmative Defenses' in Above Defendants Untimely 'Amended Proposed Answer'" (Docket No. 57). In the July 15, 2014 Order, the Court

1

declined to strike each of the defenses in the Amended Proposed Answer (Docket No. 50) that Mr. Collura is now asking the Court to strike in the Defendants' Answer (Docket No. 70).[1] The legal standard for motions for reconsideration was laid out previously in the Court's October 15, 2013 Order (Docket No. 8), in which the Court explained that motions for reconsideration are not appropriate vehicles for merely requesting that a court reconsider the merits of its holdings. This standard was also laid out in the Court's January 17, 2014 Order (Docket No. 30), the Court's February 10, 2014 Order (Docket No. 37), and the Court's July 15, 2014 Memorandum Opinion itself (Docket No. 67). That standard is reproduced, once again, in the margin.[2] Mr. Collura

---

[1] Mr. Collura asks the Court to strike the following defenses from the Defendants' Answer:
  a) *Younger* abstention, Mot. to Strike 5,
  b) Absolute Immunity, Mot. to Strike 7,
  c) Qualified Immunity, Mot. to Strike 9,
  d) The conclusions that the Defendants "acted in a reasonable manner," Mot. to Strike 10, that the Plaintiff "suffered no legally cognizable injury," Mot. to Strike 12, that the Plaintiff "is not entitled to declaratory and/or injunctive relief," *see* Mot. to Strike 12 (labeled "Prospective Relief"), and that the Plaintiff is not entitled to punitive or other damages, *see* Mot. to Strike 12-15.

Mr. Collura has moved to strike each of these defenses previously. The July 15, 2014 Order (Docket No. 68) denied Mr. Collura's request that the Court strike the following defenses:
  a) *Younger* abstention,
  b) Failure to state a claim,
  c) Absolute and Qualified Immunity,
  d) The conclusions of law that the Defendants "have acted in a reasonable, proper, and lawful manner, and, where required, with probable cause"; that Mr. Collura "cannot recover punitive damages against" them; that Mr. Collura "is not entitled to declaratory and/or injunctive relief against" them; and that Mr. Collura "has suffered no legally cognizable injury, harm, loss, or damage upon which relief can be granted."

[2] A motion for reconsideration is assessed under either Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b).

First, "[a] proper Rule 59(e) motion [for reconsideration] . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Scott v. Ebbert*, 485 F. App'x. 526, 528 (3d Cir. 2012) (internal quotation omitted). The Court finds that none of these

2

has not presented any sufficient justification for the Court to reconsider its July 15, 2014 Order.

    b. For the reasons set forth in subsection (a), the Court also denies Mr. Collura's "Rule 59(e) Motion for Reconsideration."

2. **Mr. Collura's "Motion for Full or Partial Judgment on the Pleadings" (Docket No. 75) is DENIED.** This Motion, like the one before it, asks the Court to reconsider the holdings in its July 15, 2014 Order. The Court, accepting the truth of all factual allegations in the Defendants' Answer and drawing all reasonable inferences in favor of the Defendants, once again does not find that Mr. Collura is entitled to judgment as a matter of law. The Court's reasoning for denying this Motion is further set forth in its July 15, 2014 Memorandum Opinion and Order, in which the Court denied Mr. Collura's earlier Motion for Judgment on the Pleadings (Docket No. 58). The Defendants' Answer, filed on July 18, 2014, sets forth essentially the same responses to Mr. Collura's allegations as the earlier Amended Proposed Answer that the Court considered in its July 15, 2014 Order.

---

grounds applies; more specifically, the Court finds no clear error or manifest injustice in its July 15, 2014 Order.

    Second, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (citing Fed. R. Civ. P. 60(b)), as well as the fact that the judgment is void, *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citing Fed. R. Civ. P. 60(b)(4)). But under Rule 60(b)(4), "[a] judgment is not void . . . simply because it is or may have been erroneous," *Espinosa*, 559 U.S. at 270 (internal quotation marks omitted); thus, it is not appropriate for the Court to reconsider the merits of its holding. And by the terms of the other Rule 60(b) narrow exceptions to finality, none of them applies. Thus, Mr. Collura is not entitled to reconsideration of the Court's July 15, 2014 Order.

3. **Mr. Collura's "Motion to Change 'Deadlines'" (Docket No. 76) is DENIED.**

   The Court recently extended the deadline for completion of fact discovery through December 5, 2014 (Docket No. 71). Mr. Collura's Motion for a further extension does not present the Court with good cause to further extend the deadlines in this case.[3] Mr. Collura's Motion makes clear that he is displeased with the deadlines, but the Motion does not contain a showing that the deadlines cannot be met with reasonable diligence.

4. **Mr. Collura's "Second Motion for Dismissal Under Rule 41(b)" (Docket No. 77) is DENIED.** Rule 41(b) of the Federal Rules of Civil Procedure allows the Court, upon a defendant's motion, to dismiss a plaintiff's case when the plaintiff has failed to prosecute his case or otherwise comply with the Federal Rules or a court order. The Court finds that Rule 41(b)'s application would be inappropriate here. For one, Mr. Collura is the plaintiff in this litigation, and Rule 41(b) does not provide for dismissal of the *defendant's* case upon motion by the *plaintiff*. And even so, Mr. Collura's Motion does not indicate that the Defendants have engaged in the type of conduct that could allow the Court to exercise its discretion under Rule 41(b). And even if it could exercise its discretion, the Court finds that this case is best resolved on the merits rather than through an involuntary dismissal.[4]

---

[3] *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

[4] In making this determination, the Court relies on the six factors enumerated in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984). Those factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the

5.  **Mr. Collura's "Motion for Permission to Appeal" (Docket No. 78) is DENIED.** Under 28 U.S.C. § 1292(b), a district court may certify an order for immediate appeal only if: (i) the order involves a controlling question of law; (ii) there are grounds for a substantial difference of opinion; and (iii) an immediate appeal could materially advance the ultimate termination of the litigation. *United States ex rel. Galmines v. Novartis Pharmaceuticals Corp.*, No. 06-3213, 2013 WL 4511626, at *2 (E.D. Pa. Aug. 26, 2013); *see also Zygmuntowicz v. Hospitality Invs., Inc.*, 828 F. Supp. 346, 353 (E.D. Pa 1993). Although this Court has discretion to certify a case for an immediate appeal, there is strong policy against piecemeal appellate litigation, and certification is "appropriate only in 'exceptional' circumstances." *Pitts v. Chester County Hosp.*, No. CIV. A. 99-2488, 2000 WL 218125, at *1 (E.D. Pa. Feb. 24, 2000). The moving party bears the burden of showing that such exceptional circumstances exist. *Id.* Mr. Collura has not met this burden. Contrary to Mr. Collura's assertions, this Court has not, in fact, decided whether the remaining Defendants have absolute or qualified immunity. *See* July 14, 2014 Memorandum Opinion at 53 ("[T]he Court cannot properly, and therefore will not, opine at this stage as to whether the Defendants have absolute or qualified immunity."). And although the Court did grant Judge Dembe's Motion to Dismiss based on her judicial immunity in its January 17, 2014 Order (Docket No. 30), the Court finds that there are no grounds for a substantial difference of opinion on this issue. The doctrine of judicial immunity from actions under 42 U.S.C. § 1983 is well-settled, and the Court finds that Mr. Collura's allegations do not raise a substantial question meriting an interlocutory appeal. Finally, even though

---

meritoriousness of the claim or defense." *Id.* at 868. The Court does not find that any of these six factors weighs in favor of judgment for Mr. Collura.

Mr. Collura does not specifically raise the point in his Motion, the Court finds that the decision to vacate the default judgment against the Defendants does not warrant an interlocutory appeal. *See* July 15, 2014 Memorandum Opinion and Order. The Court's decision to lift the default was within the Court's discretion and guided by well-settled law. The Court does not find that an interlocutory appeal would materially advance the termination of this litigation. Instead, progress towards a resolution on the merits is the most efficient way forward.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge