IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON COLLURA, | : | |
|       *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS JAMES FORD et al., | : | No. 13-4066 |
|       *Defendants*. | : | |

## ORDER ON MOTIONS AND AMENDED SCHEDULING ORDER

**AND NOW**, this 26th day of May, 2015, upon consideration of Mr. Collura's Motion for Sanctions (Doc. No. 102), Mr. Collura's Motion to Compel (Doc. No. 103), Mr. Collura's Motion for Summary Judgment (Doc. No. 104), Defendants' Motion to Compel (Doc. No. 110), Mr. Collura's Motion to Amend Case Caption (Doc. No. 112), Defendants' Motion for Summary Judgment (Doc. No. 116), Mr. Collura's Supplemental Motion for Sanctions (Doc. No. 123), and all related briefing, it is **hereby ORDERED** that:

(a) Mr. Collura's Motion for Sanctions (Doc. No. 102) and Supplemental Motion for Sanctions (Doc. No. 123) are DENIED;[1]

---

[1] Mr. Collura's motions requesting sanctions appear to raise two arguments: (1) that Defendants' lawyers should be sanctioned for making baseless and false statements in their filings with the Court; and (2) that Defendants' lawyers should be sanctioned for discovery violations. The Court denies the motions for sanctions for three reasons. First, Mr. Collura did not comply with Rule 11(c)(2)'s safe harbor requirement, which requires that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Second, the Court is not prepared, at this time, to accept Mr. Collura's word that Defendants' averments and denials are baseless and false. Mr. Collura should focus on proving his case before seeking sanctions based on Defendants' averments and denials. Finally, discovery violations are not sanctionable under Rule 11, and, at any rate, the Court has reviewed the materials submitted by the parties and does not find that Defendants are violating the rules of discovery, let alone in such a manner that would warrant sanctions.

1

  (b) Mr. Collura's Motion to Compel (Doc. No. 103) is GRANTED IN PART and DENIED IN PART and Defendants' Motion to Compel (Doc. No. 110) is GRANTED such that:

    i. Mr. Collura is hereby ORDERED to appear for a deposition, to be scheduled by Defendants, by June 16, 2015. Defendants are to notify the Court by letter of the date selected for Mr. Collura's deposition. Defendants are also to notify the Court by letter should Mr. Collura fail to appear or otherwise cooperate. If Mr. Collura fails to appear or otherwise cooperate, the Court will consider dismissal of his claims under Federal Rule of Civil Procedure 41(b).[2]

---

[2] Mr. Collura is correct that there is no rule requiring that a plaintiff's deposition occur before a defendant's. Federal Rule of Civil Procedure 26(d)(3) clarifies that discovery can occur in any sequence and "discovery by one party does not require any other party to delay its discovery." The Court has read the materials submitted by the parties, including records of emails between Mr. Collura and Counsel for Defendants. The Court concludes that Mr. Collura is not abiding by Rule 26(d)(3)(B), as he is insisting that Defendants be deposed before he is deposed, effectively demanding that Defendants delay their discovery until he completes his own discovery. Counsel for Defendants offered a compromise, agreeing to allow Mr. Collura to schedule three depositions before Mr. Collura's deposition. *See* Correspondence of Feb. 16, 2015, Resp. to Mot. to Compel Ex. A. (Doc. No. 110-1). Mr. Collura refused this compromise and foreclosed any additional efforts at compromise, stating, "Note this is the order I will be taking [the depositions], not in any other." *See* Correspondence of Feb. 19, 2015, Resp. to Mot. to Compel Ex. B. Mr. Collura did not budge from his rigid position, even when Defendants' Counsel told him that one of the Defendants, Mr. Boyd, would not be available for a deposition until April 1, necessitating an adjustment to Mr. Collura's proposed sequence of depositions. *See* Correspondence of Feb. 23, 2015, Resp. to Mot. to Compel Ex. C; Correspondence of Mar. 9, 2015, Resp. to Mot. to Compel Ex. E. Defendants' Counsel appears to have acted reasonably, proposing to Mr. Collura that he move to extend the April 2, 2015 discovery deadline if an April 1, 2015 deposition of Mr. Boyd was unacceptable (Defendants' Counsel further noted that he would not oppose any such motion for an extension). *See* Correspondence of Feb. 23, 2015, Resp. to Mot. to Compel Ex. F. These numerous attempts at cooperation were not reciprocated by Mr. Collura, who not only refused to cooperate in scheduling the depositions he wished to take, he refused to appear for his own deposition.

  This conduct increases the Court's concern that Mr. Collura is intentionally hindering the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1. Mr. Collura's rhetoric in addressing opposing counsel further concerns the Court. Mr. Collura wrote recently to opposing counsel that he will be "filing three [complaints, presumably] in the next five years just for spite," and that "there will be litigation for [ ] 25 years." Correspondence of Feb. 19, 2015, Resp. to Mot. to Compel Ex. B. Moreover, Mr. Collura appears to respect only his own rules,

2

      ii.    Defendants, and any other witnesses to be subpoenaed by Mr. Collura, as allowed by the Federal Rules, are hereby ORDERED to appear for depositions within 45 days of the completion of Mr. Collura's deposition, according to a schedule to be decided by the parties. If the parties are unable to agree on dates for the depositions, the Court is to be contacted by letter and will set a schedule for the deposition of the defendants. If Mr. Collura is unable to work cooperatively on scheduling Defendants' depositions, the Court will consider dismissal under Federal Rule of Civil Procedure 41(b).

      iii.    All parties are ORDERED to supplement their discovery responses with any relevant, non-privileged documents that have not yet been produced. Any document not produced during discovery may be precluded at trial, if appropriate.

(c) Mr. Collura's Motion to Amend the Case Caption (Doc. No. 112) is DENIED;[3]

(d) Mr. Collura's Motion for Summary Judgment (Doc. No. 104) and Defendants' Motion for Summary Judgment (Doc. No. 116) are hereby DENIED without prejudice as premature with leave to refile in accordance with the schedule set forth below.[4]

---

having recently failed to submit his Pretrial Memorandum by May 15, 2015, as required by the Court's Scheduling Order. *See* Feb. 11, 2015 Order (Doc. No. 101).

    Therefore, the Court concludes that, for the convenience of the parties and witnesses, and in the interests of justice, the Court must set, by Order, the sequence of the depositions. *See* Fed. R. Civ. P. 26(d)(2). Mr. Collura will be deposed first. As explained above, the Court, upon reviewing the materials submitted by the parties, fears that Mr. Collura might not be willing to abide by the rules of discovery. Accordingly, before the Court allows Mr. Collura to depose any witness, Mr. Collura will first be required to submit to a deposition himself. Should Mr. Collura not fully cooperate in submitting to a deposition himself, he will not be permitted to require others to so submit to depositions, and the Court will consider dismissing his case. On the other hand, if Mr. Collura submits to his deposition, he will then be permitted, within the bounds of the Federal Rules, to cooperatively schedule the depositions of the witnesses he wishes to depose.

    [3] Mr. Collura asks that the case caption read "J.C." rather than Jason Collura, but does not provide any cognizable justification for so amending the case caption.

Furthermore, the Court **hereby ORDERS** that the case shall proceed on the following schedule:

### Fact Discovery

1. All discovery shall proceed promptly and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed, and completed by **Friday, August 28, 2015.**

2. By no later than **Friday, August 28, 2015**, any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and/or damages shall serve opposing parties with details and/or documents covering the opinions of the proposed Rule 701 witnesses.

### Summary Judgment Motions

3. Any motion for summary judgment shall be filed and served on or before **September 11, 2015**. Responses to any such motions shall be filed and served within twenty-one (21) days after service of the motion.

All counsel and unrepresented parties are directed to review the Court's General Pretrial and Trial Policies and Procedures on the Court's website[5] in order to be familiar with the Court's requirements with respect to summary judgment motions. To that end, the Court reminds the parties that, in both their submissions and responses, controlling legal opinions rendered by the United States Supreme Court and the Court of Appeals for the Third Circuit *shall be cited to and discussed*, whenever possible, to defend arguments in support of and/or in opposition to the motion.

---

[4] Because key depositions have yet to be taken, the Court will not rule on either party's Motion for Summary Judgment at this time. Both parties will be permitted to refile their Motions for Summary Judgment upon the completion of discovery.

[5] *Available at* http://www.paed.uscourts.gov/documents/procedures/prapol2.pdf.

Two copies of any such motions and responses shall be served on the Court (Chambers[6]), and one copy on each opposing counsel, when the originals are filed.

**Final Pretrial Conference, Preparations and Required Submissions, and Trial Pool**

4. All **trial exhibits** shall be marked and exchanged on or before **October 12, 2015.**

5. All parties are to prepare and file with the Clerk of Court their **Pretrial Memoranda**, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

   a. **Mr. Collura:** on or before **October 16, 2015.**

   b. **Defendants:** on or before **October 23, 2015**.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers), and one copy on each opposing counsel, when the original is filed.

6. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or (c) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum. Each objection shall describe with particularity the ground and the authority for the objection.

7. A final pretrial conference will be held with the Honorable Gene E.K. Pratter on **Thursday, October 29, 2015, at 2:00 PM**.[7] Lead trial counsel is required to appear at the conference. If trial counsel is on trial in another matter, an attorney in his or her office who is thoroughly familiar with this case is required to appear at the conference.

8. The parties shall meet to prepare a complete and comprehensive **Stipulation of Uncontested Facts** pursuant to Local Rule of Civil Procedure 16.1 (d)(2)(b)(2). Two (2) copies of

---

[6] Room 10613, United States Courthouse, 601 Market Street, Philadelphia, PA 19106.

[7] The final pretrial conference will be held in Courtroom 10B, United States Courthouse, 601 Market Street, Philadelphia, PA 19106. The final pretrial conference previously set for June 9, 2015 is hereby canceled, along with all other previously set deadlines.

such Stipulation shall be submitted to the Court (Chambers) seven (7) days after the final pretrial conference. The original shall be filed with the Clerk of the Court.

9. Unless otherwise ordered, **seven (7) days after the final pretrial conference**, each party shall submit to the Court (Chambers)—

   a. Two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with *pinpoint* citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions in limine (excepting *Daubert* motions), and (e) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court and a copy served on each opponent's counsel.

   If a model jury instruction taken, for instance, from the Third Circuit Model Instructions, O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, or Sand, *Modern Federal Jury Instructions* is submitted, state whether the proposed jury instruction is unchanged or modified. If a party modifies a model jury instruction, the modification shall be set forth with additions underlined and deletions placed in brackets.

   b. A short, written Joint Statement of the Case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of cause(s) of action *and the essential elements of each cause of action*; and, (c) a brief statement of the defense(s) *and the essential elements of each affirmative defense*. The Joint Statement of the Case should not exceed two (2) pages in length.

   c. The Stipulation of Uncontested Facts detailed in paragraph 8.

10.     The case will be placed on the Court's **trial pool list on Tuesday, November 3, 2015**.[8] The case will be tried to a jury.

## Other Trial Preparations

11.     If any party desires an offer of proof as to any witness or exhibit, that party shall informally inquire of opposing counsel or unrepresented party prior to trial for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

12.     Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections is also required.

13.     At least three (3) days before the trial date certain, counsel are to supply the Court with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which briefly describes each exhibit.

## General Expectations

14.     All counsel and unrepresented parties are expected to review the Court's General Policies and Procedures and Guidelines for Trial and Other Proceedings in the Courtroom

---

[8] The trial pool date is not a date certain, but rather notice that the matter is ripe for trial. The setting of a trial date certain will be discussed at the final pretrial conference.

available on the Court's website at www.paed.uscourts.gov concerning the conduct of the litigation, including trial. Any party desiring a hard copy of this document may call the Court's Civil Deputy, Ms. Rose A. Barber, at 267-299-7350, to request a copy. These Policies and Procedures address many issues that frequently arise during the pendency of cases, and all counsel and unrepresented parties are expected to follow those procedures in spirit and in fact.

15. All counsel shall take such steps and undertake such procedures and processes so as to assure their use of the electronic docketing and document availability and retrieval systems operated by the Eastern District of Pennsylvania available from the Court.

16. EXTENSIONS OF TIME: Any necessary application for extension of any time deadlines, change in conference(s), or trial date(s) set forth in this Order shall be made in writing and submitted to the Court no later than three (3) days prior to the date sought to be changed or extended. Any such request shall include a factual verification of counsel or unrepresented party or witness showing good cause for the request, shall contain a statement of the position of all other parties as to the request, and, if the request relates to a discovery deadline, shall recount what discovery the parties have thus far accomplished.

                                        BY THE COURT:


                                        S/Gene E.K. Pratter
                                        GENE E.K. PRATTER
                                        United States District Judge