# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COLLURA | : Civil Action No. 13-4066 |
| v. | : **Jury Trial Demanded** |
| NICHOLAS JAMES FORD, PAMELA PRYOR DEMBE, MARY POLITANO, CITY OF PHILADELPHIA, STEFFEN BOYD, STEVEN AUSTIN, CHARLES HOYT and ROBERT J. MALVESUTO | : |

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of Plaintiff's Motion for Reconsideration and Defendants' Response thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **DENIED**.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COLLURA | : Civil Action No. 13-4066 |
| v. | : **Jury Trial Demanded** |
| NICHOLAS JAMES FORD, | : |
| PAMELA PRYOR DEMBE, MARY POLITANO, | : |
| CITY OF PHILADELPHIA, STEFFEN BOYD, | : |
| STEVEN AUSTIN, CHARLES HOYT and | : |
| ROBERT J. MALVESUTO | : |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.** **STATEMENT OF FACTS:**

On May 26, 2015, this Court entered its Order and Case Management Order regarding the existing motions at the time, including Motions to Compel, Motions for Summary Judgment and Motions for Sanctions. The Court provided the Plaintiff the opportunity to cooperate in the discovery process, and gave very clear direction as to how discovery would proceed in the matter. Plaintiff failed to appear for his properly scheduled deposition, acknowledging as much both in correspondence to Defendants' counsel (attached hereto) and in his Motion for Reconsideration, and now demands the Court reconsider its previous rulings.

Plaintiffs' Motion for Reconsideration does not address:

An intervening change in the controlling law;

The availability of new evidence that was not available when the Court entered its May 26th order; or

The need to correct clear error of law or fact or to prevent manifest injustice.

Plaintiff utilizes his Motion for Reconsideration to reargue evidence already considered by the Court and for engaging in another ad hominem attack on the Court and defense counsel.

**II.    LEGAL ARGUMENT:**

A Motion for Reconsideration is a device of limited utility. The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact, or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:

An intervening change in the controlling law;

The availability of new evidence that was not available when the Court granted the Motion for Summary Judgment; or

The need to correct a clear error of law or to prevent manifest injustice.

Mays Seafood Café by Lou-Ann, Inc. v. Quinteros, 176, F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Insurance Company, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A Motion for Reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to re-litigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606, (M.D. Pa. 2000). Likewise, Reconsideration Motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. McDowell Oil Serv. Inc. v. Interstate Fire and Cas. Co., 817, F.Supp. 538, 541 (M.D. Pa. 1993).

Finally a reconsideration of judgment is an extraordinary remedy and such Motion should be granted sparingly. D'Angio v. Borough of Nefcopeck, 56 F. Supp. 2d, 502, 504 (M.D. Pa. 1999). "Because Federal Courts have a strong interest in the finality of judgments, Motions for

2

Reconsideration should be granted sparingly." Continental Casualty Company v. Diversified Industries, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff does not argue an intervening change in the law or new evidence. He is left therefore merely to argue there has been a clear error of law in this case, and no such error exists.

In Plaintiff's motion, he again makes a tax on the Court, Defendants' counsel and Defendants' prior counsel, and promises years of litigation and hundreds of docket entries before he is done. His attacks are as offensive as they are unnecessary, and his motion should be denied.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: s/Christopher Boyle
CHRISTOPHER BOYLE, ESQUIRE
ID# PA93002
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
(610) 354-8476 Fax (610) 354-8299
Email: cpboyle@mdwcg.com
Attorney for Defendants, Nicholas J. Ford,
Mary Politano, Steffen Boyd, Steven Austin,
Charles Hoyt and Robert J. Malvesuto

DATE: July 1, 2015
LEGAL/100653082.v1

3

# CERTIFICATE OF SERVICE

      I, CHRISTOPHER BOYLE, ESQUIRE, do hereby certify that a true and correct copy of Defendants Nicholas Ford, Mary Politano, Steffan Boyd, Steven Austin, Deputy Chief Charles Hoyt and Chief Robert J. Malvesuto's Response to Plaintiff's Motion for Reconsideration was electronically filed with the Court on July 1, 2015. Same was forwarded to Plaintiff, Jason Collura, via first class mail, to the below listed address:

Jason Collura  
P.O. Box 934  
Philadelphia, PA 19105

                              **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

             BY:    s/Christopher Boyle  
                       CHRISTOPHER BOYLE, ESQUIRE  
                       ID# PA93002  
                       620 Freedom Business Center, Suite 300  
                       King of Prussia, PA 19406  
                       (610) 354-8476 Fax (610) 354-8299  
                       Email: cpboyle@mdwcg.com  
                       Attorney for Defendants, Nicholas J. Ford, Mary Politano, Steffen Boyd, Steven Austin, Charles Hoyt and Robert J. Malvesuto

DATE: July 1, 2015  
LEGAL/100653082.v1