**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON COLLURA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 13-4066** |
| **NICHOLAS JAMES FORD, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

     **AND NOW**, this __22nd__ day of July, 2019, upon consideration of Plaintiff's Rule

59(E) Motion for Reconsideration of May 31st, 2019 [sic] ("Motion for Reconsideration") (ECF

No. 197) and Defendants' Response in Opposition thereto (ECF No. 198), **IT IS HEREBY**

**ORDERED AND DECREED** that Plaintiff's Motion for Disqualification is **DENIED**.[i]

 

 

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[i] Under Federal Rule of Civil Procedure 59(e), a litigant may submit "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59. The Third Circuit has explained that "[a] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Scott v. Ebbert*, 485 F. App'x 526, 528 (3d Cir. 2012) (internal quotations omitted) (not precedential).

Plaintiff contends that each of the three circumstances warranting reconsideration are present in this case. Plaintiff writes in his Motion that the Court "failed to adhere to not only controlling law, but rules and procedure." Mot. for Reconsideration 1, ECF No. 197. In support of his Motion for Reconsideration of the Court's Order dated May 30, 2019—which Plaintiff refers to as the "May 31st Garbage"—Plaintiff "does not offer new evidence," but instead, "points TO BLACK AND WHITE FACTS AND DOCUMENTS that were disgracefully changed/ignored completely." Mot. for Reconsideration 1–2, ECF No. 197. Rather than raise new arguments or

provide new evidence, Plaintiff "urges the Court to grant due consideration to overlooked evidence Plaintiff presented."  Mot. for Reconsideration 1 n.2, ECF No. 197.

In the alternative, Plaintiff contends that the Court lacked jurisdiction to enter the May 30, 2019 Order because of a "pending writ- [sic] mostly against and your disqualification, out of control behavior, and your co-offender, what a shock."  Mot. for Reconsideration 2.  Here, Plaintiff appears to refer to a petition for writ of mandamus that Plaintiff filed with the Third Circuit on April 12, 2019.  Nevertheless, Plaintiff's alternative argument has been rendered moot by the Third Circuit's per curium opinion denying Plaintiff's petition for writ of mandamus and affirming this Court's jurisdiction to preside over this case.  *See* July 12, 2019 Third Circuit Opinion, *In re: Jason Collura*, Court of Appeals Docket # 19-1839, Doc. 00313289096.

The Court concludes that Plaintiff has failed to establish his entitlement to reconsideration of the Court's May 30, 2019 Order, by which the Court, among other things, dismissed Plaintiff's case for failing to comply with at least three Court orders.  May 30, 2019 Order, ECF No. 196.

Plaintiff points to no intervening change in controlling law that would warrant reconsideration of the May 30, 2019 Order under Rule 59(e).  Plaintiff admits that he "does not offer new evidence" to warrant reconsideration.  Finally, Plaintiff fails to show that there is any need to correct a clear error of law or prevent manifest injustice.  The Court has consistently and thoroughly reviewed and considered all of Plaintiff's filings.  *See, e.g.*, Memorandum Opinion dated July 14, 2014, ECF No. 67 (providing seventy-three pages of reasoning for the Court's decision); Memorandum Opinion dated September 19, 2017, ECF No. 160; Memorandum Opinion dated March 21, 2017, *J.C. v. Ford, et al.*, Civ. A. No. 15-4745, ECF No. 22 (the case *J.C. v. Ford, et al.*, Civ. A. No. 15-4745 set forth substantially similar causes of action against many of the same defendants initially party to the above-captioned case, the Court consolidated *J.C. v. Ford, et al.*, Civ. A. No. 15-4745 with this case for all purposes).  The Court has not "overlooked" any of Plaintiff's proffered evidence in any earlier filings.

In short, there are no grounds to support reconsideration of the Court's May 30, 2019 Order dismissing and closing this case.  Therefore, this case shall remain **DISMISSED** and **CLOSED**.